IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                               CIV 16-0598 LH/KBM
                                               CR  13-0569 LH

ISAAC ARAGON,

    Defendant-Movant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Defendant's *pro se* "Notice," filed June 16, 2016 *(CIV Doc. 1, CR Doc. 65)*. On June 17, 2016, pursuant to *Castro v. United States*, 540 U.S. 375 (2003), this Court notified Defendant of its intent to recharacterize his Notice as a motion to vacate and correct sentence pursuant to 28 U.S.C. § 2255 and afforded him the opportunity to withdraw the motion or amend it to include additional claims that he might have. *See CIV Doc. 3, CR Doc. 67.* Defendant took no action in response to that Order. The court docket reflects that he did request appointed counsel *(CIV Doc. 2)* and that the Office of the Federal Public Defender was informed of this habeas action premised on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because the record conclusively establishes that Defendant is not entitled to relief, the Court needs not order a response from the Government, appoint counsel or hold an evidentiary hearing. *See* 28 U.S.C. § 2255(b). Having reviewed the entire record in both this civil and the criminal case, it now addresses the merits of the motion.

Defendant pled guilty without a plea agreement to a single-count indictment charging him with being a felon in possession of a firearm and ammunition. *See CR Docs. 15 & 17.* Thereafter on January 23, 2014 *(CR Doc. 59)*, Defendant's counsel filed a Notice that "in exchange for the United States' promise to recommend . . . impos[ition of] a low-end Guideline sentence of seventy-seven months in the United States Bureau of Prisons," Aragon "agree[d] that the total offense level for this offense is a level twenty-one and that his criminal history category is six," and that he would execute an appellate waiver. That executed waiver of appeal rights and post-conviction challenges to sentence was presented to Honorable C. LeRoy Hansen at the February 12, 2014 sentencing hearing *(CR Doc. 62)*, and then filed with the Court *(CR Doc. 63)*.[1] As the parties anticipated, Judge Hansen accepted the Government's low-end of the applicable guideline recommendation and sentenced Aragon to 77 months imprisonment.

Here, Defendant Aragon relies solely on the *Johnson* decision as his basis for relief. In *Johnson*, the defendant successfully challenged the constitutionality of the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B). The ACCA provides for a mandatory minimum sentence of 15 years imprisonment for defendants convicted of being a felon in possession of a firearm who have three violent felony convictions. A violent felony is defined under the ACCA as a conviction of a crime punishable by more than one year of imprisonment and which "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives*, or otherwise involves*

---

[1] The Court notes that in a recent case, District Judge Robin J. Cauthron, from the Western District of Oklahoma, held that a *Johnson*-based § 2255 motion was "barred by the terms of the waiver included in the Plea Agreement." *United States v. Rabieh*, 2016 WL 5921091 (W.D. Okla. Oct. 11, 2016). This Court hesitates to so find in the absence of full briefing on the issue.

2

*conduct that presents a serious potential risk of physical injury to another.*" *Id.* In the *Johnson* decision, the Supreme Court found the italicized language – known as the "residual clause" – to be unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the *Johnson* decision announced a new rule of substantive law to be applied retroactively to timely-filed motions brought pursuant to Section 2255.

The Tenth Circuit has extended the *Johnson* rationale to the virtually identical residual clause in the "career offender" enhancement under the advisory federal sentencing guidelines. *United States v. Madrid*, 805 F.3d 1204, 1211 (2015). Whether the United States Supreme Court agrees with the Tenth Circuit's *Madrid* decision, and whether *Johnson* should apply retroactively to any similarly worded residual clause beyond that of the ACCA, remains an open question that will hopefully be answered by the Supreme Court this term in *Beckles v. United States*, No. 15-8544 (writ of certiorari granted on June 27, 2016).

Unfortunately for Defendant Aragon on this § 2255 Motion, his sentence was unaffected by any residual clause under the ACCA or under the career offender sentencing guideline. Those provisions played no role in calculating or determining the sentence Aragon was to receive. Because *Johnson* dealt solely with the validity of an enhanced sentence based upon an unconstitutionality vague residual clause, it has no applicability to the 77-month sentence imposed by Judge Hansen. Therefore, the Court will recommend that his Section 2255 Motion be denied.

Wherefore,

3

IT IS HEREBY RECOMMENDED that Defendant's Motion for Appointment of Counsel and his § 2255 Motion be **denied**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE